1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                             **DISTRICT OF NEVADA**

6                                     * * *

7    CESAR GUERRERO-MADRID,                        Case No. 2:13-cv-00432-RFB-GWF

8              Plaintiff,
                                                          **ORDER**
9         v.
                                              Plaintiff's Motion to Extend Time to File
10   FEDERAL HOME LOAN MORTGAGE                  Amended Complaint (ECF No. 40)
     CORP. and INDYMAC BANK, F.S.B.,
11
12             Defendants.

13

14   **I.      INTRODUCTION**

15         This case is before the Court on Plaintiff Cesar Guerrero-Madrid's motion for leave of

16   court to enlarge time to file an amended complaint, which the Court construes as an untimely

17   motion to extend time to file an amended complaint. ECF No. 40. For the reasons discussed

18   below, the Court grants Plaintiff's motion and denies the remaining pending motions in this case

19   without prejudice.

20

21   **II.     BACKGROUND**

22         Plaintiff filed a complaint in Clark County District Court on February 19, 2013 against

23   Defendants Federal Home Loan Mortgage Corporation and IndyMac Bank, F.S.B. ECF No. 1.

24   Defendants removed the action to this Court on March 14, 2013 and filed a motion to dismiss

25   and to expunge the *lis pendens* one week later. Id.; Mot. Dismiss, Mar. 21, 2013, ECF No. 9. On

26   November 8, 2013, this Court issued an order granting in part Defendants' motion to dismiss the

27   complaint and expunge the *lis pendens*. ECF No. 38. The Court dismissed the complaint, gave

28   Plaintiff 30 days to amend his complaint and remedy the deficiencies identified in the order, and

1    denied Defendants' request to expunge the *lis pendens*. Id. The Court also stated in the order that

2    if Plaintiff did not file an amended complaint within 30 days, the case would be closed. Id. at 8.

3        Plaintiff did not file an amended complaint within the 30-day time period set by the

4    Court. However, Plaintiff filed the motion presently before the Court on January 17, 2014. ECF

5    No. 40. In the motion, Plaintiff states that he retained David Bryce Finley on July 18, 2013 to

6    represent him in this case and assumed that Mr. Finley was carrying out his duties as counsel to

7    Plaintiff. Id. at 3. However, Mr. Finley never appeared in this case and according to Plaintiff

8    "has generally disappeared for some unknown reason." Id. Plaintiff also provides evidence that

9    Mr. Finley failed to appear in several other cases during the same time period. See id. at 3-4, Ex.

10   3, 4. Plaintiff states that he did not become aware of Mr. Finley's disappearance until late

11   December—after the expiration of the 30-day deadline to file an amended complaint. Id. at 4. He

12   then sought additional legal assistance and, through his new counsel, filed the instant motion

13   requesting that he be given an extension of time to file the amended complaint.

14

15   **III.    LEGAL STANDARD**

16       A party seeking additional time to complete an action in a case after the time has expired

17   must demonstrate that the failure to act was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B);

18   LR 6-1(b). Whether a party has shown excusable neglect for the purposes of Rule 6(b) is an

19   equitable determination that takes into account the risk of prejudice to the nonmoving party, the

20   length of the delay and its impact on the case, the reason for the delay, and whether the moving

21   party acted in good faith. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997)

22   (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395

23   (1993)).

24

25   **IV.    DISCUSSION**

26       **A.  Motion to Extend Time to File Amended Complaint**

27       Plaintiff has demonstrated that his failure to comply with the 30-day deadline for filing an

28   amended complaint was due to excusable neglect. The Court is mindful of the fact that granting

1   an extension of time for Plaintiff to file the amended complaint will cause Defendants to spend

2   additional resources responding to it. However, this prejudice—to the extent that being forced to

3   litigate on the merits can be considered prejudicial—is minimal given the fact that even if the

4   Court were to deny the extension, Plaintiff could simply refile the amended complaint in a new

5   action. In addition, the burden placed on Defendants by the extension is outweighed by the

6   equitable considerations favoring Plaintiff in this case. The length of delay, while not

7   insubstantial, is mitigated by the fact that Plaintiff had to retain new counsel and that counsel

8   then had to immediately familiarize himself with the case and prepare the amended complaint. In

9   addition, Plaintiff appears to have acted in good faith. It was reasonable for Plaintiff to assume

10  that Mr. Finley, whom he had retained and to whom he had paid an initial sum, was fulfilling his

11  professional duty and was litigating Plaintiff's case properly. Once Plaintiff discovered that Mr.

12  Finley had never appeared or taken any action in this case, it appears that he promptly sought

13  further assistance. Based upon these findings, the Court grants Plaintiff's motion for an extension

14  of time to file the amended complaint.

15          It is also worth noting that the parties, in their briefing, identify Rule 15 of the Federal

16  Rules of Civil Procedure as the relevant standard. Rule 15 governs the amendment of pleadings.

17  Defendants dispute that Plaintiff has satisfied the requirements of Rule 15 and argue that any

18  amendment to the complaint would be futile. Defendants also contend that Plaintiff's motion

19  should be denied for failure to attach the amended complaint. Rule 15, however, does not govern

20  the disposition of this motion. Leave to amend was already given to Plaintiff by the Court's order

21  of November 8, 2013, and he need not seek it again. Nor must he attach a copy of the amended

22  complaint to his motion, as it is not a motion to amend the complaint. Instead, Plaintiff's motion

23  is a simple request to extend the deadline he was given to file the amended complaint, made after

24  the expiration of that deadline. Since Plaintiff has demonstrated excusable neglect, he has

25  satisfied the standard for such a motion and the extension is granted.

26          **B.  Other Pending Motions**

27          Defendants have also filed a motion for summary judgment and a motion to expunge the

28  *lis pendens* in this case. ECF Nos. 35, 37. Because the Court is allowing Plaintiff additional time

1    to file an amended complaint, the Court declines to decide the motion for summary judgment or

2    to expunge the *lis pendens* at this time. Should Plaintiff fail to timely file a proper amended

3    complaint in accordance with the extension the Court now grants, or should that amended

4    complaint be dismissed with prejudice, then the Court will consider a renewed request to

5    expunge the *lis pendens*. Similarly, if Plaintiff timely files a proper amended complaint,

6    Defendants may renew their motion for summary judgment or file other dispositive motions as

7    they deem necessary. These motions are therefore denied without prejudice.

8

9    **V.      CONCLUSION**

10    Accordingly,

11    **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to Enlarge Time

12    to File an Amended Complaint (ECF No. 40) is GRANTED. Plaintiff shall have **30 days** from

13    the date of this Order to file an amended complaint. If he does not do so, this case shall be

14    dismissed with prejudice.

15    **IT IS FURTHER ORDERED** that Defendant Federal National Mortgage Association's

16    Motion for Summary Judgment (ECF No. 35) is DENIED WITHOUT PREJUDICE.

17    **IT IS FURTHER ORDERED** that Defendant Federal National Mortgage Association's

18    Motion to Expunge Lis Pendens (ECF No. 37) is DENIED WITHOUT PREJUDICE.

19

20    DATED this 26th day of March, 2015.

21    **RICHARD F. BOULWARE, II**

22    **United States District Judge**

23

24

25

26

27

28